IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SAM J. POWERS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | 3 : 06-CV-72 (CDL) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on August 21, 2006, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability and Supplemental Security Income benefits in February 2000, alleging disability since December 23, 1998, due to back pain, mental and intellectual impairments resulting from a 1991 motor vehicle accident. Plaintiff's application was remanded for further consideration by the Appeals Council in October 2002, and was thereafter joined with subsequently filed applications for benefits. Following a hearing before an ALJ, plaintiff's applications were denied, as the ALJ found that the plaintiff remained capable of performing a restricted range of light work and was not disabled.

The ALJ found that the plaintiff suffered from "severe residuals of injuries sustained in an April 30, 1991, motor vehicle accident, which included fractures of the T4, T5 and T6 vertebrae, as well as more recently diagnosed osteoporosis and degenerative disc disease of the lumbar

spine, chronic obstructive pulmonary disease, possibly asthma, a major depressive disorder, and a history of substance abuse/dependence". R. at 28. At the time of the June 2003 hearing before the ALJ, the plaintiff was forty (40) years of age with past relevant work experience as a van converter, vehicle painter, and television installer. The ALJ concluded that plaintiff retained the residual functional capacity to perform the physical exertion and nonexertional requirements of light work with a sit/stand option, could not bend, stoop, or crouch on a frequent basis, and could not maintain focused attention in fast-paced production work. He further found that the plaintiff could not work in hazardous areas or operate a motor vehicle. Based on vocational expert testimony, the ALJ found that the plaintiff could perform various jobs within the light range of work, including parking lot attendant and cashier II jobs.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Treating physician*

The plaintiff initially argues that the ALJ failed to articulate the weight assigned to the opinion of treating physician Dr. Holladay, a pain management specialist.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition."  Id.

The ALJ herein noted the August 29, 2001, opinion issued by Dr. Holladay and physical

therapist Christ Whitmore, in which they issued certain restrictions on plaintiff's physical abilities.  The ALJ goes on to find that

> pursuant to Social Security Ruling 96-2p, I carefully considered the opinion of the treating physician, Dr. Holladay, as set out in her physical capacity assessment form completed August 29, 2001.  I find, however, that the opinion is not entitled to significant weight since it includes no reference to objective medical findings other than the statement that the claimant complained of severe pain following a two-hour functional capacity examination or testing.  Dr. Holladay's treatment records also are not helpful in finding an objective basis for her opinion since they consist largely of [the claimant's] own statements and complaints.  Thus, although the record shows that Dr. Holladay has a treating relationship with the claimant, and although her medical specialty is anesthesiology, an area of practice closely associated with pain medicine, I an unable to afford her opinion significant weight.

R. at 32.

The ALJ later notes that "[f]or the reasons set out above, however, I have not given Dr. Holladay's opinion significant weight."  R. at 32.

A review of the ALJ's decision as well as the treatment notes and opinion issued by Dr. Holladay reveals that the ALJ specifically addressed and discounted Dr. Holladay's August 2001 statement of disability.  Beyond the brief indication that her findings were based upon a two-hour examination, Dr. Holladay's report fails to point to or describe any specific objective testing or the results thereof, nor does she point to any objective testing or source of information other than the plaintiff's own subjective accounts of his pain and abilities.  Other medical reports in the record support the ALJ's conclusions, specifically those of consultative examiner Dr. Garringer, who found in October 2002 that the plaintiff suffered from some slight disc narrowing, but was able to ambulate without a cane and could bend, sit, lean back, squat and

heel/toe walk with no difficulty.  Dr. Garringer also noted that the plaintiff had normal ranges of motion, with only a slight decrease in forward flexion and mild decrease in grip strength.  The ALJ's determination and analysis of Dr. Holladay's opinion is supported by substantial evidence.

*Residual functional capacity*

The plaintiff also argues that the ALJ's residual functional capacity assessment failed to properly consider the combination of his impairments, the effects of his pain, and the impact of medication side effects.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such

testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ noted that in reaching conclusions regarding the plaintiff's residual functional capacity, he

> considered his subjective complaints in light of [Social security regulations]. While the claimant's back impairment reasonably could be expected to cause or result in the type and degree of pain he alleges if he attempted to perform work at the medium, heavy or very heavy exertional levels, his condition is not shown to be so severe that such pain would be expected to result from performance of the modest exertional requirements of light work, particularly if he were able to alternate sitting and standing at his option and did not have to perform significant bending, stooping, or crouching. To the extent that he may have alleged pain or other symptoms that would prevent him from performing light work, his complaints suggest a greater severity of impairment than is shown by the objective medical evidence.

R. at 30-31.

The ALJ's decision regarding the application of the pain standard and consideration of plaintiff's subjective complaints is supported by substantial evidence. The ALJ properly considered the plaintiff's subjective complaints of pain, discrediting these complaints based on the allegation therein of a more severe impairment than was shown by the objective medical evidence. Following a precise consideration of the factors listed in Social Security Ruling 96-7p and discussing each in regard to the plaintiff's claims, the ALJ noted that the plaintiff's allegation that he "cannot do anything" was inconsistent with the medical evidence and plaintiff's own representation of his abilities and daily activities, including yard work, driving, shopping and visiting with friends several months prior to the latest hearing date. The ALJ also acknowledged the side effect of drowsiness caused by some of plaintiff's medications, but noted

that medical expert Dr. Freeman, who testified at the hearing before the ALJ, found that the "appropriate precaution would be for him not to work in hazardous areas or operate a motor vehicle. She did not indicate that the side effects of his medication would require any greater restrictions." R. at 31. The ALJ also cited the inconsistencies between the plaintiff's testimony and his account of symptoms to consultative examiners, noting that Dr. Freeman "said she saw no medical reason why the 'slightest movement' [as testified by the plaintiff] would cause [the plaintiff] pain." R. at 31.

The ALJ specifically discussed the evidence regarding the plaintiff's mental impairment, pain complaints and medication side effects, and expressly noted that the plaintiff did not have an impairment or combination of impairments that was listed in or medically equal to one listed in the regulations. R. at 33. This evidences consideration by the ALJ of the combined effect of the claimant's alleged impairments. See Jones v. Dep't. Of Health and Human Serv., 941 F.2d 1529, 1533 (11th Cir. 1991).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of January, 2009.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE

UNITED STATES MAGISTRATE JUDGE

asb